Mr. Lopez. Good morning. Judge Pryor, may it please the court. With the court's permission, I'd like to focus most of my argument this morning on our argument that the district court erroneously held that 18 U.S.C. section 1591C creates a strict liability offense. Argument is that the established precedent of this court reads 1591C differently, that under Mosey and under Blake, the structure looks to me, though, like Congress sided with the Second Circuit and disagreed with our reading in Mosey and did so in pretty clear terms. And I'm not, you know, it's not clear to me that what we said in Mosey wasn't dicta anyway, but regardless, uh, it seems going forward, Congress rewrote the statute. We now have to interpret the rewritten statute, and it seems to have sided with the Second Circuit's view. Jermayne Whyte Certainly, so if the court feels unbound by precedent and feels that it could, uh, uh, read 1591C . . . Judge Pryor Not so much unbound by precedent, but bound by statutory language. Jermayne Whyte That, that precedent has been, um, substantially  Judge Pryor Abrogated. Jermayne Whyte . . . abrogated by Congress. Certainly, even in that case, if this, if the panel is free to now look at 1591 almost anew or in light of the changes, um, the district court would still have committed, uh, error by, by holding that 1591C is a strict liability offense. Uh, the problem really is . . . Judge Pryor I have a quick question about that. Jermayne Whyte Certainly. Judge Pryor So the district court did say that, but I sort of wonder why the district court said that, because it may be strict liability as to the age aspect in the sense that now reasonable observation satisfies, uh, you sort of, the old knowledge or recklessness requirement, but it's not a strict liability crime because you still have to show knowledge or recklessness as to the, uh, Commercial Sex Act, right? Jermayne Whyte Uh, that's correct, Your Honor, but argument would be that it's still not strict liability as to the age requirement. Uh, that language is not strict liability. If you look at, compare 1591 to, uh, the, the, the statutes that the other cases usually compare it to and that even the government compares it to and that's 18 U.S.C. 2141, 18 U.S.C. 2143, that is strict liability. Judge Pryor Well, regardless of what you call it, what really matters is how was the jury instructed about the elements? And the jury was instructed that the government had to prove that there was a reasonable opportunity to observe the victim here, right? And that, that's what the statute now requires, right? Jermayne Whyte But there was a specific question that really should have gone to the jury. That question being whether, um, uh, the, the defendant, I mean, I'm sorry, the victim, whether, um, the fact that she looked 22, the fact that she acted 22, the fact that she carried herself out as being 22, all those things that were entered into evidence that the defendant wanted to rely on. The jury should have just really decided, did that affect in any way, uh, the defendant's reasonable opportunity or the government's proof that the reasonable opportunity was proven beyond a reasonable doubt to the point where the government would now not have to prove knowledge or reckless, um, reckless disregard. That's the difference between 1591 and 2241 and 2243. The, the language in that, in those statutes is strict liability. It says the government doesn't have to prove the age of the victim. What it says in 1591 and the government's position even is that the government first has to prove that the defendant had a reasonable opportunity to observe and then the government no longer has to prove, uh, knowledge or reckless, uh,  Jermayne Whyte The jury was instructed that the, that the government had to prove that there was a reasonable opportunity to observe and the government had to prove that in fact the victim was underage, right? The problem is that the defendant was prevented from arguing that he had a reasonable, reasonable belief, uh, that she was of age. That goes to the government's proof of a reasonable opportunity to, to, um, Jermayne Whyte So you're, you're saying there should have been a mistake of age defense, but in the, the, given the way that the statute's been rewritten, I don't, I don't see how there could be such a defense. Jermayne Whyte Well, the government contends, I mean, that they concede that they have to prove that there's a reasonable opportunity for the defendant to observe, right? And that Jermayne Whyte And the jury was instructed the government had to prove that. Jermayne Whyte Right. As to that element, the defendant should be allowed to, um, to present evidence and to make argument that whatever reasonable opportunity to observe happened in this case, um, that was not a reasonable opportunity to observe the age of the defendant, um, that either Jermayne Whyte Well, he had the opportunity to argue that, that, that, that he didn't have a reasonable opportunity to observe the victim. Jermayne Whyte No, he was prevented from arguing that, um, all those factors that came in, her age, the way she looked, the way she acted, her prior criminal record, all of that really went to that element, um, and that Jermayne Whyte Yeah, but you're changing what the element is. Jermayne Whyte No, the government would still have to prove it, but the defendant should be able to present and argue to, to the jury that whatever opportunity they had to observe was not reasonable in light of those facts that came in. This is not strict liability compared to 2241 or to 2243, that's strict liability. This is almost, it's almost like a conditional strict liability, and there's no such thing as a conditional strict liability, but that's really the theory that the government went under in the, in, in the district court, and that's really the, the theory that the district court erroneously adopted, that there was this conditional strict liability. The government has to have this burden of proof, proving there's a reasonable opportunity to observe, and then that's when strict liability kicks in. That's not strict liability, and so the defense should have been allowed to rely on that evidence. I see my time is up. If I could just finish this one point really quickly, um, uh, what really made it worse here was that the judge, Sue Esponte, did that on the first day of trial after the government, the defense had made their opening statement saying that they were going to rely on this mistake of age. Okay. I see my time is up. Thank you, um, Mr. Lopez. You saved two minutes for a rebuttal. Mr. Friedman. Thank you, Your Honor. May it please the court, represent Jennifer Castro, the appellant in this case, who is also the trial counsel below. The main focus, what this court should be looking at, is that the judge, Judge Demetriou Leas in the trial court, made a finding that this 1591 statute was strict liability. Made that finding after opening statements were given, and then at the closing argument in this case, the government made a theme in their closing, which is in the record, it's strict liability. We try to interject a jury instruction to give some meaning to what a reasonable opportunity to observe. Yeah, what you wanted to do is you wanted a mistake of age defense. Not necessarily, Your Honor. We wanted certain factors that would give this jury some guidance as to what a reasonable opportunity to observe means, and in fact, if you look at the record when we were going through jury instructions. That's not particularly complicated. Well, I think it is, Judge, because during the trial, Judge Demetriou Leas, as well as the government, indicated, you know, without any instructions, the instructions that the defense put forth, which was denied, they said, we are anticipating questions, and the judge even said in the record, I'm anticipating that we're going to get questions on this because we're basically sending the jury in to deliberate without any definition having to do with what a reasonable opportunity to observe means. It's undefined. It's an elusive concept. I'm not sure if I'm on here or not. I would think that that is precisely the kind of thing that juries around the country decide every day, reasonableness, and that's what juries are for. I would agree with that, but. But, I mean, we don't define reasonableness for juries on a day-in, day-out basis, do we? I mean, when we talk about reasonable doubt, we define what reasonable doubt is. We give the jury some parameters as to what reasonable doubt is. When you look at the jury instructions about whether a witness is telling the truth, then there's a whole list of factors that we give to juries to define whether or not, to give to a jury so they can decide whether or not a witness is being truthful. There's a whole litany of things that go into the jury instructions. So, when you get to this instruction, reasonable opportunity to observe, there should be. I take your point that we do define reasonable doubt. We do define, for example, in a tort case, what it means to exercise reasonable care, for example, but it seems to me the problem that you have is the instruction you wanted the judge to give to the jury was not about what does reasonable mean. It was instead designed to allow the jury to say that even though that your client had a reasonable opportunity to observe the victim, the client could have nevertheless believed that the victim was, in fact, not a minor. But that's in line even with the Blake decision, Judge, Your Honor. The Blake decision talks about certain factors that the defendants in that case could have observed which should have led them to believe that the victim was a minor. They set forth . . . But I would agree with my co-counsel with regard to the statute in general. The statute, when you compare it to these other statutes that talk about strict liability, it doesn't have the same wording. It doesn't exclude the defense, for instance, of mistake of age. It merely says if a person has a reasonable opportunity to observe, then the government need not prove these two other elements. It's not a substitution for proving those things. It goes to the burden of proof. There needs to be some definition that would direct this jury as to what . . . What are we to make of this? The language is the government need not prove the defendant knew or recklessly disregarded the fact that the person had not attained the age of 18 years. That's how the statute now reads. But there is a clarifier with regard to the opportunity to observe. It says a reasonable opportunity to observe. If it was . . . Well, that might mean it was at night when I saw this person or this person was wearing some kind of makeup or wig or something that would have misled me in observing the person. There could be a lot of things that affect the reasonableness of your observation, but that's a different question from what you wanted the judge to instruct the jury about. There were no factors in this case like other cases that have been decided. The victim in this case concocted a story, a ruse, if you will, to these defendants and did everything consistent with what an adult would do. There was no evidence whatsoever that they were observed, that the appellants observed her . . . They lived with her. That's right. They referred to each other as a family. But I'm suggesting . . . They didn't have an opportunity to observe her? I don't understand that. They do, but there has to be some definition whether or not the reasonable opportunity led them to believe that person was a liar. That's just not what the statute says. But the statute, I believe, is not to be construed as a strict liability. Otherwise, why would we have the opportunity to cross-examine this victim as to things she did in the presence of the appellants, which the court allowed us to do? I see my time is . . . I'll be back on rebuttal. Okay. Thank you, Mr. Friedman. Mr. Wood? May it please the Court, Jason Wood on behalf of the United States. The government and the courts are entitled to take Congress at its word, and I think I understand the panel already absorbed this point, but the language of the statute is very clear. What we're talking about is a statute that says, in cases where the defendant had a reasonable opportunity to observe the victim, the government need not prove knowledge or reckless disregard of the fact of the victim's minor status. There's no other way to read that statute. And I think my opponents have focused on two slightly different points, and I want to address those. First, Mr. White stated that he was not allowed to argue certain points of the jury, that he was precluded. And I invite the court to read his closing argument, because this is exactly the argument he made in front of the jury, and it was exactly how he cross-examined the victim and the evidence that he put forward in cross-examination, including he played a phone call where the victim stated something to the effect of, I'm 20 years old. And he came in closing and said, how did I have a reasonable opportunity to observe that victim? She was deceiving me. That's exactly the argument that was made. So I invite the court to read that and decide whether he was precluded from doing so. I think on the interpretation of the statute, that's fairly settled. The second point that was made by Ms. Castro today was that there should have been a jury instruction further defining reasonable opportunity to observe. In my understanding, he's waived that claim, and I want to make a distinction here. He asked for two different jury instructions in his proposed, or her proposed instructions, excuse me. The first was entitled reasonable opportunity to observe, and it tried to list out some of these factors, such as circumstance, duration of encounters, those sorts of things. The second proposed instruction, defense instruction, was expressly titled mistake of age defense. And looking at the briefs, I thought we, there was certainly a claim about the mistake of age defense. There was no express claim argued separately and at length that he was denied that first of the two proposed instructions. So that claim is waived. And in any event, as your honors expressed, that's a concept that's, it permeates the law. It's a foundational building block. People understand what reasonableness means. It's part of the standard in torts. It's part of the standard for reasonable search and seizure in the Fourth Amendment. In fact, it's even part of the standard for vagueness itself. Interestingly enough, the Supreme Court defines vagueness as whether an ordinary person has a reasonable opportunity to understand what the law prohibits. So if they're correct and that standard is unintelligible, then vagueness itself is vague. In short, the bottom line here is that White and Castro are blaming the law. In a trial, they blame the victim. But the law is clear and it renders them liable for what they did to the victim in this case. And for those reasons, we ask that this court affirm their convictions and their sentences. Thank you. Thank you, Mr. Wu. Mr. Lopez. Thank you, Your Honor. I know the court has already come to the conclusion. It seems like it, that the 2015 Amendment kind of abrogated prior the precedent. But if I could just make one quick point, and that's to look at the Blake decision. Because the Blake decision really went to the knowledge element. And 1591C already had, prior to the 2015 Amendment, said that if the government proves an opportunity or if there's a reasonable opportunity to observe, the government doesn't have to prove knowledge. But the Blake decision really specifically talked about knowledge. It didn't talk about reckless disregard. And Chief Judge Karnes, in that decision, very clearly said that the evidence presented under 1591C proved the element under 1591A, which was knowledge. So that would be my best argument, that the 2015 Amendment did not abrogate prior precedent and that the Blake panel, or the Blake decision, still controls and would still require finding that 1591C does not create its own mens rea, let alone strict liability. But again, I would just urge the panel to look at the difference between 1591 and 2241 and 2243, even from the very structure of it. 2141 and 2243 does not have mens rea listed anywhere else. But it has a separate section, subsection D on both of those statutes, that is entitled state of mind proof requirement. And it is in that section that Congress expressly said, the government does not need to prove the age of the victim. Very clearly. No condition before that. There's nothing else that needs to be proved that's not conditional strict liability. That's strict liability. And so, when you have a statute like 1591, where you have a maximum... The government proved the age of the victim here. Yes. That's a separate part. When you have a statute here where you have a life, the possibility of life as a statutory maximum, Congress's intent to create strict liability really has to be clear. As it is in 2241, as it is in 2243. But it is not in 1591. Thank you. Thank the court. Mr. Freedman. I'd ask the court to focus on the substantively unreasonableness of the sentence in this case. Nope. We're not arguing about the sentence that wasn't addressed in opening. I'll go back to the factors in the case. There were different factors in this case than in any of the other cases. The victim did nothing that was consistent, and I think the court would review the transcript and see that this victim actually went through great measures to trick, to fool these appellants in this case to believe she was underage. If reasonableness cannot be defined, the instruction should just say, well, if there's an opportunity to observe, why even have the word reasonableness? I think the reason that word is there is to give some meaning to whether or not observing somebody in a store or observing somebody come through TSA who traveled across the country using fake ID, whether that's a reasonable opportunity to observe somebody and have an inference that that person is a minor. Without that, it's setting forth precedent that this is, in fact, strict liability when the statute's not worded in such a way, and it's different than all the other statutes that do impose strict liability statutorily, Your Honor. Thank you, Mr. Friedman. I note that you were court appointed, and we very much appreciate you accepting the appointment and discharging your responsibilities this morning. Thank you, and in filing your brief. Thank you very much. Have a good, good day.